819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James ROGERS, Defendant-Appellant.
 No. 86-5666.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 22, 1987.
Decided May 21, 1987.
 
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 Kenneth Warren Smith, on brief, for appellant.
 Henry E. Hudson, United States Attorney, William G. Otis and Karen P. Tandy, Assistant United States Attorneys, Barry M. Tapp, Special Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 A jury convicted James Rogers of assault with intent to rape pursuant to 18 U.S.C. Sec. 113(a). Rogers appeals his conviction on two grounds. First, he alleges that the facts do not support a conviction for intent to rape. Second, Rogers asserts that the court erred in refusing to instruct the jury that they must acquit Rogers if they believed that he was guilty of some crime but they could not find beyond a reasonable doubt every element of assault with intent to rape. We hold that a reasonable trier of facts could have found the evidence sufficient and the court did not abuse its discretion in denying Rogers' requested jury instructions. Thus, the judgment of the district court is affirmed.
 
 
 2
 The undisputed facts of the case are as follows. The victim was a teacher at Lorton Reformatory. On the morning of the assault, Rogers, an inmate at the reformatory, commented to Morton, another inmate, on the contours of the victim's posterior. Morton stated that twice after their conversation he saw Rogers hanging around the school watching the victim. That afternoon as the victim was unlocking the women's bathroom door to exit, Rogers forced his way in, grabbed her by the throat, and forced her to the floor. Rogers attempted to prevent her from screaming by covering her mouth with his hand but she kept moving her face from side to side. They struggled and Rogers put his hands across the victim's breasts. Rogers then tried to rip off her shirt but each attempt failed due to the shirt's fabric and design. Rogers was crouched over the victim and told her to shut up. When Rogers realized he could not silence her, he ran off. An inmate testified that as Rogers exited the women's room, he was pulling up his pants from below his hips and the beads from the victim's necklace were dropping from his hands.
 
 
 3
 Rogers asserts that these facts do not support any overtly sexual act or any expression of intent to rape. The test, however, is not whether we are convinced of guilt beyond a reasonable doubt; instead we must decide, after viewing the evidence in the light most favorable to the government, whether any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. See United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982)).
 
 
 4
 We think that a rational trier of facts could have found that Rogers' actions were expressions of intent to rape or were overtly sexual in nature. He pushed the victim into a private area, forced her down into a prone position, put his hands across her breasts as he crouched over her, and tried to remove her shirt. Little more than this was asserted in United States v. Jackson, 562 F.2d 789 (D.C.Cir.1977), where a man was convicted of assault with intent to rape while armed. As two women were leaving a bar, Jackson approached them and ordered them to walk down to the river. At the river, he ordered them to disrobe and angrily tore off one woman's shirt. Upon these facts, the court of appeals found sufficient evidence for intent to rape. See id. at 792-93. Accordingly, after viewing the evidence in the light most favorable to the government, we find that there was sufficient evidence to support Rogers' conviction.
 
 
 5
 Rogers' second ground for appeal is based on the court's denial of his jury instruction request. Rogers requested an instruction requiring acquittal if the jury believed Rogers did commit a crime but they could not find every element of the charged crime beyond a reasonable doubt. The jury's obligation to find every element of Rogers' crime beyond a reasonable doubt was made very clear in the instructions actually given. Rogers' requested instructions would have been repetitive. The form and extent of jury instructions are within the discretion of the trial court, and we do not find an abuse of discretion in the denial of Rogers' requested instructions. See United States v. Bayer, 331 U.S. 532, 536 (1947). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.